**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:07-CR-121** |
| **v.** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **CHAD WICKLINE,** *et. al.*, | : | **Magistrate Judge Norah M. King** |
| | : | |
| **Defendants.** | : | |

<u>**ORDER**</u>

## I.  INTRODUCTION

This matter is before the Court on Defendants Chad and Dan Wickline's Motions: (1) to Compel a Bill of Particulars; (2) to Inspect All Records of the Clerk Related to the Selection of Grand and Petit Jurors; and (3) for a Pre-Trial Vinson Proffer from the Government.  For the reasons set forth below, the Court **DENIES** Motion (1) and **GRANTS** in part and **DENIES** in part Motions (2) and (3).

## II.  BACKGROUND

The United States indicted Defendants on charges of wire fraud and money laundering for allegedly orchestrating a conspiracy to defraud individuals struggling with credit card debt. The government contends that Defendants marketed a Credit Card Debt Elimination Program through Liberty Resources, their corporation, which falsely represented to debtors that they did not have to repay credit card debt because of a loophole in the banking laws.  The government alleges that Defendants induced debtors to pay thousands of dollars for a packet of materials detailing this bogus scheme.  This case is scheduled for trial on June 23, 2008.

## III.  MOTIONS

### A.  BILL OF PARTICULARS

If an otherwise valid indictment is vague, due process entitles a defendant to a bill of particulars. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). A bill of particulars, in essence a more detailed indictment, minimizes surprise, gives a defendant the information necessary to mount a proper defense, and protects a defendant from a second prosecution for the same crimes. *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004). Granted at the discretion of the court, a bill of particulars is not, however, "a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004). "This is particularly true in a conspiracy case in which the government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy." *United States v. Hayes*, No. 88-5967, 1989 WL 105938 *4 (6th Cir. Sept. 14, 1989).

Defendants contend that the indictment is vague in two respects. First, the indictment alleges that in furtherance of the conspiracy, Defendants wrote or authorized numerous checks for just less than $10,000 in order to avoid the generation of an Internal Revenue Service Currency Transaction Report. (Indictment, 15). Defendants demand to know the identity of both the signatories and the intended or actual recipients of the checks. They are not so entitled. A bill of particulars is not a vehicle by which a defendant may discover the overt acts that the government intends to prove at a conspiracy trial. *See Salisbury*, 983 F.2d at 1375. The indictment alleges with particularity that the checks were written on Liberty Resources' account and that they were written so as to avoid attention from the IRS. This is sufficient to alert Defendants to the sum and substance of the government's accusations. The government is under no obligation to disclose the precise checks that it will introduce at trial.

-2-

Second, the indictment alleges that a conspirator uploaded, onto Liberty Resources' website, false testimonials to induce debtors to purchase the Debt Elimination Program and a disclaimer.  The indictment also alleges that Defendant Chad Wickline "directed a person known to the grant jury to delete information from the Liberty Resources website."  (Indictment, 9). Defendants complain that the indictment does not disclose either the content or the relevance of this material.  It need not.  The indictment describes the exact date on which all three acts were alleged to have occurred.  By catagorizing the content as a "false testimonial" and a "disclaimer," the indictment gives Defendants ample warning of the nature and purpose of the evidence.  With regard to the deleted information, it specifically accuses Chad Wickline of directing a conspirator to remove it from the website.  As it stands, the indictment is sufficiently detailed so as to minimize surprise, allow Defendants to prepare for trial, and protect them from double jeopardy.   It need not include block quotations of the material at issue.  This Motion is **DENIED**.

## B.  JUROR SELECTION

Defendants move pursuant to the Jury Selection and Service Act ("JSSA"), 28 U.S.C. § 1867(f),[1] and *Test v. United States*, 420 U.S. 28 (1975), to inspect "all records or papers used during selection of the Grand Jury which returned this indictment, and the selection of the panel

---

[1]28 U.S.C. § 1876(f) provides:

[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except . . .  as may be necessary in the preparation or presentation of a motion under . . . this section . . . .  The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion.

of the petit jury venire to be selected in this manner." (Def. Mot., 1). The JSSA entitles a defendant to a grand and petit jury selected at random from a fair cross-section of the community. 28 U.S.C. § 18611. In order to enable a defendant to challenge jury-selection procedures, the Supreme Court has declared that a defendant has an "essentially unqualified right to inspect jury lists" under § 1876(f) of the JSSA. *Test*, 420 U.S. at 30. The rational is simple: without inspection, a party "would be unable to determine whether he has a potentially meritorious jury challenge." *Id*. Accordingly, the court may not condition a defendant's right to inspect jury lists "upon a showing of probable success on the merits of a challenge to the jury selection provisions." *United States v. Royal*, 100 F.3d 1019, 1025 (1st Cir. 1996).

Defendants' request, however, includes material to which they are not entitled. Defendants have a right to inspect "all jury selection materials relevant to a complete determination of whether a grand or petit jury has in fact been selected at a random from a fair cross-section of the community." *United States v. McLernon*, 746 F.2d 1098, 1123 (6th Cir. 1984). In the Sixth Circuit, disclosure of the "Master Lists and the relevant demographic data about the *general pool* from which the specific grand jurors were selected" is generally sufficient. *Id*. (Emphasis added). But the names, addresses, demographics of specific grand jurors who returned the indictment, as well as the transcript of the grand jury selection proceedings, are not necessary to determine whether the grand jury was selected at random from a fair cross-section of the community. *Id*.[2] Accordingly, the Court **GRANTS** Defendants'

---

[2]Defendants also demand details on the jury selection process. On May 29, 2002, the Sixth Circuit approved the "Plan of the United States District Court for the Southern District of Ohio for the Random Selection of Grand and Petit Jurors." This jury selection plan is available upon request from the clerk's office. Defendants are further entitled to the questionnaires of those summoned for the petit jury venir. In the Southern District of Ohio, the clerk will deliver

motion with respect to master jury list and relevant demographic data about the general pool.
Defendants other requests are **DENIED**.

### C.  801(d)(2)(E) Evidence

Finally, Defendants demand a pre-trial Vinson proffer from the government.  At trial, the government seeks to introduce hearsay statements by Defendants' alleged co-conspirators pursuant to Federal Rule of Evidence 801(d)(2)(E).[3]  To do so, the government must show by a preponderance of the evidence: (1) the existence of a conspiracy which included Defendants and the declarant; and that (2) the statements were made during the course of the conspiracy and in furtherance thereof.  *United States v. Gessa*, 971 F.2d 1257, 1260-61 (6th Cir. 1992) (en banc). In the Sixth Circuit, a trial court may choose between three methods of determining whether the proffered statements meet this criteria of admissibility.  The trial court may: (1) hold a hearing; (2) require the government to produce non-hearsay evidence of the existence of a conspiracy as a condition precedent to admitting the statements ("Vinson proffer"); or (3) provisionally admit the statements subject to a ruling on whether the government has met its 801(d)(2)(E) burden at the close of the government's case.  *United States v. Vinson*, 606 F.2d 149, 152-53 (6th Cir. 1979).  Defendants petition the Court for a pre-trial Vinson proffer.

this material to Defendants before trial.

[3]Federal Rule of Evidence 801(d)(2)(E) provides:

[a] statement is not hearsay if . . . [it is] a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy.  The contents of the statement shall be considered but are not alone sufficient to establish . . . the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered . . . .

The trial court has "considerable discretion in controlling the mode and order of proof at trial." *Id*. at 152.  Of the three methods, the Court indeed prefers the Vinson proffer.  Requiring the government to produce non-hearsay evidence of a conspiracy prior to determining the admissibility of the statements avoids "the danger . . . of injecting the record with inadmissible hearsay in anticipation of proof of a conspiracy which never materializes."  *Id*. at 152-53.  However, to require such an inquiry prior to trial is unnecessary and cumbersome.  Rather, the government must present non-hearsay evidence of a conspiracy at trial, and in conjunction with the proposed hearsay statements which may be heard at sidebar, the Court will determine whether the statements are admissible under 801(d)(2)(E).  Defendants' Motion is therefore **DENIED** in Part and **GRANTED** in Part.

   **IT IS SO ORDERED.**

                              s/Algenon L. Marbley
                              **ALGENON L. MARBLEY**
                              **UNITED STATES DISTRICT JUDGE**

**DATED: May 20, 2008**