**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:07-CR-121 |
| v. | ) | |
| | ) | Honorable Judge Marbley |
| CHAD WICKLINE and | ) | |
| DAN WICKLINE | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' JOINT PROPOSED JURY INSTRUCTIONS**

The Defendants, Dan and Chad Wickline, hereby respectfully request that the Court

deliver the following jury instructions in this case, in addition to its customary charge, and any

other additional instructions, the need for which may arise at trial.

1

## PROPOSED INSTRUCTION NO. 1

<u>INTRODUCTION</u>

(1)     Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)     I will start by explaining your duties and the general rules that apply in every criminal case.

(3)     Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

(4)     Then I will explain the defendant's position, good faith.

(5)     Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(6)     And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(7)     Please listen very carefully to everything I say.

**<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, § 1.01

## PROPOSED INSTRUCTION NO. 2

<u>JURORS' DUTIES</u>

(1)      You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)      Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

(3)      The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

(4)      Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, § 1.02

**PROPOSED INSTRUCTION NO. 3**

PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

(1)     As you know, CHAD WICKLINE and DAN WICKLINE, the defendants have pleaded

not guilty to the crimes charged in the indictment.  The indictment is not any evidence at all of

guilt.  It is just the formal way that the government tells the defendant what crime he is accused

of committing.  It does not even raise any suspicion of guilt.

(2)     Instead, the defendants start the trial with a clean slate, with no evidence at all against

them, and the law presumes that they are innocent.  This presumption of innocence stays with

them unless the government presents evidence here in court that overcomes the presumption, and

convinces you beyond a reasonable doubt that they are guilty.

(3)     This means that the defendants have no obligation to present any evidence at all, or to

prove to you in any way that he is innocent.  It is up to the government to prove that they are

guilty, and this burden stays on the government from start to finish.  You must find the defendant

not guilty unless the government convinces you beyond a reasonable doubt that they are guilty.

(4)     The government must prove every element of the crime charged beyond a reasonable

doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable

doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of

evidence, or the nature of the evidence.

(5)     Proof beyond a reasonable doubt means proof which is so convincing that you would not

hesitate to rely and act on it in making the most important decisions in your own lives.  If you are

convinced that the government has proved the defendants guilty beyond a reasonable doubt, say

so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty

verdict.

**<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, § 1.03

## PROPOSED INSTRUCTION NO. 4

<u>EVIDENCE DEFINED</u>

(1)     You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)     The evidence in this case includes only what the witnesses said while they were testifying under oath;  the exhibits that I allowed into evidence;  the stipulations that the lawyers agreed to;  and the facts that I have judicially noticed.

(3)     Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4)     During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5)     Make your decision based only on the evidence, as I have defined it here, and nothing else.

**Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, § 1.04

**PROPOSED INSTRUCTION NO. 5**

<u>CONSIDERATION OF EVIDENCE</u>

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

<u>**Authority**</u>:

Sixth Circuit Pattern Criminal Jury Instructions, § 1.05

**PROPOSED INSTRUCTION NO. 6**

<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

(1)     Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)     Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)     Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)     It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, § 1.06

**PROPOSED INSTRUCTION NO. 7**

<u>CREDIBILITY OF WITNESS</u>

(1)     Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

(2)     Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying.  Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is

9

inconsistent with what the witness said while testifying.  If you believe that the witness

was inconsistent, ask yourself if this makes the witness's testimony less believable.

Sometimes it may;  other times it may not.  Consider whether the inconsistency was

about something important, or about some unimportant detail.  Ask yourself if it seemed

like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other

evidence.  Was the witness's testimony supported or contradicted by other evidence that

you found believable?  If you believe that a witness's testimony was contradicted by other

evidence, remember that people sometimes forget things, and that even two honest people

who witness the same event may not describe it exactly the same way.

(3)      These are only some of the things that you may consider in deciding how believable each

witness was.  You may also consider other things that you think shed some light on the witness's

believability.  Use your common sense and your everyday experience in dealing with other

people.  And then decide what testimony you believe, and how much weight you think it

deserves.

**<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, § 1.07

## PROPOSED INSTRUCTION NO. 8

<u>NUMBER OF WITNESSES</u>

(1)     One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)     Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

**<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, § 1.08

**PROPOSED INSTRUCTION NO. 9**

<u>LAWYERS' OBJECTIONS</u>

(1)     There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2)     The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

(3)     And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

**<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, § 1.09

**PROPOSED INSTRUCTION NO. 10**

<u>INTRODUCTION</u>

(1)     That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crime that the defendants are accused of committing.

(2)     But before I do that, I want to emphasize that the defendants are only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

(3)     Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved this defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

**<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, § 2.01

**PROPOSED INSTRUCTION NO. 11**

<u>SEPARATE CONSIDERATION – MULTIPLE DEFENDANTS CHARGED WITH
DIFFERENT CRIMES</u>

(1)     The defendants have been charged with different crimes. I will explain to you in more detail shortly which defendants have been charged with which crimes.  But before I do that, I want to emphasize several things.

(2)     The number of charges is no evidence of guilt, and this should not influence your decision in any way.  And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them.  For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

(3)     Your decision on any one defendant or one charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

**<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, § 2.01(D)

## PROPOSED INSTRUCTION NO. 12

<u>DEFENITION OF THE CRIME</u>

(1)     Count 1 of the indictment accuses CHAD WICKLINE and DAN WICKLINE of fraud by wire or radio in violation of federal law.  For you to find either of the defendants guilty of these crimes, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt as to each defendant:

(A) First, that the defendants having devised and intending to devise a scheme to defraud in order to obtain money or property;

(B) Second, that the scheme included a material misrepresentation or concealment of a material fact;

(C) Third, that the defendants had the intent to defraud; and

(D) Fourth, that the defendants used wire or radio communications in interstate commerce in furtherance of the scheme.

(2)     Now I will give you more detailed instructions on some of these terms.

(A) A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

(B) The term "false or fraudulent pretenses, representations or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were known to be untrue when made.

(C) An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or some other innocent reason.

(D) A misrepresentation or concealment is "material" if it has a natural tendency to

15

influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

(E) To act with "intent to defraud" means to act with an intent to deceive or cheat.

(F) To "cause" wire or radio communications to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

(G) The term "interstate commerce" includes wire or radio communications which crossed a state line.

(3)     If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

(4)     (A) The good faith of the defendants is a complete defense to the charge of wire fraud contained in Count 1 of the indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

(B) A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong.  An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

(C) While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

(D) The burden of proving good faith does not rest with the defendants because the defendants do not have any obligation to prove anything in this case.  It is the

government's burden to prove to you, beyond a reasonable doubt, that the defendants acted with an intent to defraud.

(E) If the evidence in this case leaves you with a reasonable doubt as to whether the defendants acted with an intent to defraud or in good faith, you must acquit the defendants.

**Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, §§ 2.02, 10.02, 10.04 (as modified).

## PROPOSED INSTRUCTION NO. 13

<u>DEFINITION OF THE CRIME</u>

(1)     Count 2 of the indictment accuses the defendants of a conspiracy to commit the crimes of

mail and wire fraud in violation of federal law.  It is a crime for two or more persons to conspire,

or agree, to commit a criminal act, even if they never actually achieve their goal.

(2)     A conspiracy is a kind of criminal partnership. For you to find any one of the defendants

guilty of the conspiracy charge, the government must prove each and every one of the following

elements beyond a reasonable doubt:

> (A) First, that two or more persons conspired, or agreed, to commit the crimes of mail
>
> and wire fraud.
>
> (B) Second, that the defendant knowingly and voluntarily joined the conspiracy.
>
> (C) And third, that a member of the conspiracy did one of the overt acts described in the
>
> indictment for the purpose of advancing or helping the conspiracy.

(3)     You must be convinced that the government has proved all of these elements beyond a

reasonable doubt in order to find any one of these defendants guilty of the conspiracy charge.

(4)     With regard to the first element – a criminal agreement – the government must prove that

two or more persons conspired, or agreed, to cooperate with each other to commit the crimes of

mail and wire fraud.

(5)     This does not require proof of any formal agreement, written or spoken.  Nor does this

require proof that everyone involved agreed on all the details.  But proof that people simply met

together from time to time and talked about common interests, or engaged in similar conduct, is

not enough to establish a criminal agreement.  These are things that you may consider in

deciding whether the government has proved an agreement.  But without more they are not

enough.

(6)     What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crimes of mail and wire fraud.  This is essential.

(7)     An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(8)     If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendants knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard.  To convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

(9)     This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning.  Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial.  A slight role or connection may be enough.

(10)    But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it.  Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator.  Simple knowledge, approval of, or acquiescence in an objective or purpose of the conspiracy, without the intention and agreement to accomplish the specific illegal objective, does not make one a conspirator. These are all things that you may consider in deciding whether the government has proved that a

defendant joined a conspiracy.  But without more they are not enough.

(11)     What the government must prove is that a defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.  This is essential.

(12)     A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(13)     The third element that the government must prove is that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(14)     The indictment lists overt acts.  The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

(15)     But the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy.  This is essential.

**<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, §§ 2.02, 3.01A, 3.02, 3.03, 3.04 (as modified).

**PROPOSED INSTRUCTION NO. 14**

<u>DEFINITION OF THE CRIME</u>

(1)    Counts 3 and 4 of the indictment accuse CHAD WICKLINE of mail fraud.  Counts 5 and

6 of the indictment accuse DAN WICKLINE of mail fraud.  For you to find the defendants guilty

of these crimes, you must be convinced that the government has proved each and every one of

the following elements beyond a reasonable doubt:

(A) First, that the defendants knowingly participated in a scheme to defraud in order to

obtain money or property;

(B) Second, that the scheme included a material misrepresentation or concealment of a

material fact;

(C) Third, that the defendants had the intent to defraud; and

(D) Fourth, that the defendants caused another to use the mail in furtherance of the

scheme.

(2)    Now I will give you more detailed instructions on some of these terms.

(A) A "scheme to defraud" includes any plan or course of action by which someone

intends to deprive another of money or property by means of false or fraudulent

pretenses, representations, or promises.

(B) The term "false or fraudulent pretenses, representations or promises" means any false

statements or assertions that concern a material aspect of the matter in question, that were

either known to be untrue when made.

(C) An act is "knowingly" done if done voluntarily and intentionally, and not because of

mistake or some other innocent reason.

(D) A misrepresentation or concealment is "material" if it has a natural tendency to

21

influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

(E) To act with "intent to defraud" means to act with an intent to deceive or cheat.

(F) To "cause" the mail to be used is to do an act with knowledge that the use of the mail will follow in the ordinary course of business or where such use can reasonably be foreseen.

(3)     If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of these charges.

(4)     (A) The good faith of the defendants is a complete defense to the charge of mail fraud contained in Counts 3 through 6 of the indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

(B) A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong.  An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

(C) While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

(D) The burden of proving good faith does not rest with the defendants because the defendants do not have any obligation to prove anything in this case.  It is the government's burden to prove to you, beyond a reasonable doubt, that the defendants acted with an intent to defraud.

(E) If the evidence in this case leaves you with a reasonable doubt as to whether the defendants acted with an intent to defraud or in good faith, you must acquit the defendants.

**Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, §§ 2.02, 10.01, 10.04 (as modified).

**PROPOSED INSTRUCTION NO. 15**

<u>DEFINITION OF THE CRIME</u>

(1)     Counts 7 and 8 of the indictment accuse CHAD WICKLINE and DAN WICKLINE of fraud by wire or radio in violation of federal law.  Count 7 specifically deals with an alleged conference telephone call between the defendants and various sales representatives of Liberty Resources.  Count 8 specifically deals with an alleged conference telephone call between the defendants and Sam Davis in Idaho.  For you to find either of the defendants guilty of these crimes, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt as to each defendant:

(A) First, that the defendants having devised and intending to devise a scheme to defraud in order to obtain money or property;

(B) Second, that the scheme included a material misrepresentation or concealment of a material fact;

(C) Third, that the defendants had the intent to defraud; and

(D) Fourth, that the defendants used wire or radio communications in interstate commerce in furtherance of the scheme.

(2)     Now I will give you more detailed instructions on some of these terms.

(A) A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

(B) The term "false or fraudulent pretenses, representations or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made.

24

(C) An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or some other innocent reason.

(D) A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

(E) To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself.

(F) To "cause" wire or radio communications to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

(G) The term "interstate commerce" includes wire or radio communications that crossed a state line.

(3)     If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of these charges.

(4)     (A) The good faith of the defendants is a complete defense to the charge of wire fraud contained in Counts 7 and 8 of the indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

(B) A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong.  An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

25

(C) While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

(D) The burden of proving good faith does not rest with the defendants because the defendants do not have any obligation to prove anything in this case.  It is the government's burden to prove to you, beyond a reasonable doubt, that the defendants acted with an intent to defraud.

(E) If the evidence in this case leaves you with a reasonable doubt as to whether the defendants acted with an intent to defraud or in good faith, you must acquit the defendants.

**Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, §§ 2.02, 10.02, 10.04 (as modified).

## PROPOSED INSTRUCTION NO. 16

<u>DEFINTION OF THE CRIME</u>

(1)    Count 9 of the indictment accuses DAN WICKLINE and CHAD WICKLINE of a

conspiracy to commit the crime of money laundering.  It is a crime for two or more persons to

conspire, or agree, to commit a criminal act, even if they never actually achieve their goal as long

as they agreed to commit a crime.

(2)    A conspiracy is a kind of criminal partnership.  For you to find any one of the defendants

guilty of the conspiracy charge, the government must prove each and every one of the following

elements beyond a reasonable doubt:

> (A) First, that two or more persons conspired, or agreed, to commit the crime of money
>
> laundering.
>
> (B) Second, that the defendant knowingly and voluntarily joined the conspiracy.
>
> (C) Third, that a member of the conspiracy did one of the overt acts described in the
>
> indictment for the purpose of advancing or helping the conspiracy.

(3)    You must be convinced that the government has proved all of these elements beyond a

reasonable doubt in order to find any one of these defendants guilty of the conspiracy charge.

(4)    With regard to the first element – a criminal agreement – the government must prove that

two or more persons conspired, or agreed, to cooperate with each other to commit the crimes of

money laundering.

(5)    This does not require proof of any formal agreement, written or spoken.  Nor does this

require proof that everyone involved agreed on all the details.  But proof that people simply met

together from time to time and talked about common interests, or engaged in similar conduct, is

not enough to establish a criminal agreement.  Simple knowledge, approval of, or acquiescence

in an objective or purpose of the conspiracy, without the intention and agreement to accomplish the specific illegal objective, does not make one a conspirator.  These are things that you may consider in deciding whether the government has proved an agreement.  But without more they are not enough.

(6)     What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crimes of money laundering.  This is essential.

(7)     An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(8)     One more point about the agreement.  The indictment accuses the defendants of conspiring to commit several federal crimes.  The government does not have to prove that the defendants agreed to commit all these crimes.  But the government must prove an agreement to commit at least one of them for you to return a guilty verdict on the conspiracy charge.

(9)     If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendants knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard.  To convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

(10)    This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning.  Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial.  A slight role or connection may be enough.

(11)     But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it.  Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator.  These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy.  But without more they are not enough.

(12)     What the government must prove is that a defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.  This is essential.

(13)     A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(14)     The third element that the government must prove is that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(15)     The indictment lists overt acts.  The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

(16)     But the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy.  This is essential.

**Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, §§ 2.02, 3.01A, 3.02, 3.03, 3.04 (as modified).

**PROPOSED INSTRUCTION NO. 17**

<u>DEFINITION OF THE CRIME</u>

(1)     Counts 10 and 11 of the indictment accuse CHAD WICKLINE of conducting a financial

transaction in violation of federal law.  The two counts relate respectively to two particular

checks drawn on the Liberty Resources bank account and drafted to CHAD WICKLINE as

payee.  For you to find the defendant guilty of these crimes, you must be convinced that the

government has proved each and every one of the following elements beyond a reasonable

doubt:

  (A) First, that the defendant conducted a financial transaction;

  (B) Second, that the financial transaction involved property that represented the proceeds

  of mail fraud or wire fraud;

  (C) Third, that the defendant knew that the property involved in the financial transaction

  represented the proceeds of some form of unlawful activity;

  (D) Fourth that the defendant had the intent to promote the carrying on of mail fraud or

  wire fraud through the financial transaction.

(2)     Now I will give you more detailed instructions on some of these terms.

  (A) The term "financial transaction" means (i) a transaction which in any way or degree

  affects interstate or foreign commerce (a) involving the movement of funds by wire or

  other means, or (b) involving one or more monetary instruments, or (c) involving the

  transfer of title to any real property, vehicle, vessel, or aircraft, or (ii) a transaction

  involving the use of a financial institution which is engaged in, or the activities of which

  affect, interstate or foreign commerce in any way or degree;

  (B) The word "conducts" includes initiating, concluding, or participating in initiating or

concluding a transaction;

(C) The phrase "knew that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" means that the defendant knew the property involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes a felony under state or federal law.

(3)      If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, §§ 2.02, 11.01 (as modified).

**PROPOSED INSTRUCTION NO. 18**

<u>DEFINITION OF THE CRIME</u>

(1)     Count 12 of the indictment accuses CHAD WICKLINE of engaging in a monetary

transaction in violation of federal law by negotiating a check constituting criminally derived

property worth more than $10,000.  Count 15 of the indictment accuses DAN WICKLINE of

engaging in a monetary transaction in violation of federal law by negotiating a check constituting

criminally derived property worth more than $10,000.  For you to find the defendants guilty of

these crimes, you must be convinced that the government has proved each and every one of the

following elements beyond a reasonable doubt:

     (A) First, that the defendants knowingly engaged in a monetary transaction;

     (B) Second, that the monetary transaction was in property derived from mail fraud or

     wire fraud;

     (C) Third, that the property had a value greater than $10,000;

     (D) Fourth that the defendants knew that the transaction was in criminally derived

     property;

     (E) Fifth, that the monetary transaction took place within the United States.

(2)     Now I will give you more detailed instructions on some of these terms.

     (A) The term "monetary transaction" means the deposit, withdrawal, transfer, or

     exchange, in or affecting interstate commerce, of funds or a monetary instrument by,

     through, or to a financial institution.

     (B) The term "criminally derived property" means any property constituting, or derived

     from, proceeds obtained from a criminal offense.

(3)     If you are convinced that the government has proved all of these elements, say so by

returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, §§ 2.02, 11.06 (as modified).

**PROPOSED INSTRUCTION NO. 19**

<u>DEFINITION OF THE CRIME</u>

(1)     Counts 13 and 14 of the indictment accuse DAN WICKLINE of conducting a financial

transaction in violation of federal law.  The two counts relate respectively to two particular

checks drawn on the Liberty Resources bank account and drafted to DAN WICKLINE as payee.

For you to find the defendant guilty of these crimes, you must be convinced that the government

has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the defendant conducted a financial transaction;

(B) Second, that the financial transaction involved property that represented the proceeds

of mail fraud or wire fraud;

(C) Third, that the defendant knew that the property involved in the financial transaction

represented the proceeds of some form of unlawful activity;

(D) Fourth that the defendant knew that the transaction was designed in whole or in part

to avoid a transaction reporting requirement under state or federal law.

(2)     Now I will give you more detailed instructions on some of these terms.

(A) The term "financial transaction" means (i) a transaction which in any way or degree

affects interstate or foreign commerce (a) involving the movement of funds by wire or

other means or (b) involving one or more monetary instruments, or (c) involving the

transfer of title to any real property, vehicle, vessel, or aircraft, or (ii) a transaction

involving the use of a financial institution which is engaged in, or the activities of which

affect, interstate or foreign commerce in any way or degree;

(B) The word "conducts" includes initiating, concluding, or participating in initiating or

concluding a transaction;

34

(C) The phrase "knew that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" means that the defendant knew the property involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes a felony under state or federal law.

(3)     If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, §§ 2.02, 11.02 (as modified).

**PROPOSED INSTRUCTION NO. 20**

<u>DEFINITION OF THE CRIME</u>

(1)     Count 16 of the indictment accuses CHAD WICKLINE and DAN WICKLINE of conducting a financial transaction in violation of federal law.  The count relates to a particular check drawn on the Liberty Resources bank account and drafted to DAN WICKLINE as payee. For you to find either of the defendants or both guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt as to each defendant:

(A) First, that the defendants conducted a financial transaction;

(B) Second, that the financial transaction involved property that represented the proceeds of mail fraud or wire fraud;

(C) Third, that the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

(D) Fourth that the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, source, ownership and control of the proceeds of mail fraud or wire fraud.

(2)     Now I will give you more detailed instructions on some of these terms.

(A) The term "financial transaction" means (i) a transaction which in any way or degree affects interstate or foreign commerce (a) involving the movement of funds by wire or other means or (b) involving one or more monetary instruments, or (c) involving the transfer of title to any real property, vehicle, vessel, or aircraft, or (ii) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree;

36

(B) The word "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction;

(C) The phrase "knew that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" means that the defendant knew the property involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes a felony under state or federal law.

(3)    If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, §§ 2.02, 11.02 (as modified).

## PROPOSED INSTRUCTION NO. 21

<u>ON OR ABOUT</u>

(1)     Next, I want to say a word about the date mentioned in the indictment.

(2)     The indictment charges that the crime happened "on or about" August of 2003 until on or about February 23, 2005. The government does not have to prove that the crime happened on that exact date.  But the government must prove that the crime happened reasonably close to that date.

**<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, § 2.04

## PROPOSED INSTRUCTION NO. 22

<u>DEFENSE THEORY</u>

(1)     That concludes the part of my instructions explaining the elements of the crime.  Next I will explain the defendant's position.

(2)     "Fraudulent intent is one of the essential elements of the offenses with which the defendants are charged.  Fraudulent intent is not presumed or assumed; it is personal and not imputed.  One is chargeable with his own personal intent, not the intent of some other person.  Bad faith is an essential element of fraudulent intent.  Good faith constitutes a complete defense to one charged with an offense of which fraudulent intent is an essential element.  One who acts with honest intention is not chargeable with fraudulent intent.  One who expresses an opinion honestly held by him, or a belief honestly entertained by him, is not chargeable with fraudulent intent even though such opinion is erroneous and such belief is mistaken.  In order to establish fraudulent intent on the part of a person, it must be established that such person knowingly and intentionally attempted to deceive another.  The position of the defense is that the defendant did not have an intent to defraud their customers, and so are not guilty of the charges against them."

**<u>Authority</u>:**

*United States v. Ammons*, 464 F.2d 414, 417 (8th Cir. 1972) (approving instruction and recommending only that instruction be "enlarged to incorporate the specific factors upon which the defendant relied to show he acted in good faith"); *see also United States v. Faust*, 850 F.2d 575 (9th Cir. 1988); Sixth Circuit Pattern Criminal Jury Instructions, § 6.01 (as modified).

**PROPOSED INSTRUCTION NO. 23**

<u>TRANSCRIPTIONS OF TAPE RECORDINGS</u>

(1)     You have heard some tape recordings that were received in evidence, and you were given some written transcripts of the tapes.

(2)     Keep in mind that the transcripts are not evidence.  They were given to you only as a guide to help you follow what was being said.  The tapes themselves are the evidence.  If you noticed any differences between what you heard on the tapes and what you read in the transcripts, you must rely on what you heard, not what you read.  And if you could not hear or understand certain parts of the tapes, you must ignore the transcripts as far as those parts are concerned.

**<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, § 7.17.

**PROPOSED INSTRUCTION NO. 24**

<u>UNANIMOUS VERDICT</u>

(1)     Your verdict, whether it is guilty or not guilty, must be unanimous.

(2)     To find the defendant guilty, every one of you must agree that the government has

overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable

doubt.

**<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, § 8.03 (as modified).

## PROPOSED INSTRUCTION NO. 25

<u>DUTY TO DELIBERATE</u>

(1)     Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)     But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)     No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

(4)     Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

**<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, § 8.04.

## PROPOSED INSTRUCTION NO. 26

<u>VERDICT FORM</u>

(1)     I have prepared a verdict form that you should use to record your verdict. The form reads as follows: _____.

(2)     If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form, put the date on it, and return it to me.

**<u>Authority:</u>**

Sixth Circuit Pattern Criminal Jury Instructions, § 8.06.

**PROPOSED INSTRUCTION NO. 27**

<u>COURT HAS NO OPINION</u>

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

**<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, § 8.09.

**PROPOSED INSTRUCTION NO. 28**

<u>JUROR NOTES</u>

(1)     Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

(2)     Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

<u>**Authority**</u>:

Sixth Circuit Pattern Criminal Jury Instructions, § 8.10.

Respectfully submitted this 6th day of June, 2008.

THE BERNHOFT LAW FIRM, S.C.
Attorneys for the Defendant, Chad Wickline

By:      /s/ Brian Mahany
             Brian H. Mahany

207 East Buffalo Street, Suite 600
Milwaukee, Wisconsin 53202
(414) 276-3333  telephone
(414) 276-2822  facsimile
bhmahany@bernhoftlaw.com

ROSS BABBITT CO., LPA
Attorney for the Defendant, Dan Wickline

By:      /s/ Ross Babbitt
             Ross Babbitt

700 St. Clair Avenue
Hoy Block, Suite 300
Cleveland, Ohio 44113
(216) 623-6346  telephone
(216) 274-9683  facsimile
rbabbitt@babbitt-lawfirm.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | Case No. 2:07-CR-121 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Marbley |
| vs. | ) | |
| | ) | |
| **CHAD WICKLINE** | ) | |
| **DAN WICKLINE** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED that true and correct copies of the foregoing document and attachment were served via the Court's ECF system to opposing counsel or parties at the following e-mail addresses:

| Opposing Counsel | E-mail address |
|---|---|
| Asst. U.S. Attorney Marcia Harris | marcia.harris@usdoj.gov |

Dated on June 6, 2008.

  /s/ Bret Tollefson

Bret Tollefson

47