IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

      vs.            :  NO.   CR-2-07-121

CHAD WICKLINE         :  JUDGE MARBLEY
DAN WICKLINE

### PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

Now comes the United States of America, by Marcia J. Harris
and Daniel A. Brown, Assistant United States Attorneys for the
Southern District of Ohio and submits the following proposed jury
instructions for the above-captioned case.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

s/Marcia J. Harris
MARCIA J. HARRIS (0031632)
Assistant United States Attorney
Marcia.Harris@usdoj.gov

s/Daniel A. Brown
DANIEL A. BROWN (0023147)
Assistant United States Attorney
Attorneys for Plaintiff
303 Marconi Boulevard
Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5653
DBrown4@usa.doj.gov

## ELEMENTS COUNTS ONE, SEVEN, AND EIGHT

Defendants Chad Wickline and Dan Wickline are charged in Counts One, Seven and Eight with wire fraud, in violation of 18 U.S.C. §1343.  In order to sustain its burden of proof for the crime of wire fraud, the government must prove the following elements beyond a reasonable doubt:

FIRST:   That the defendants, Chad Wickline and Dan Wickline, knowingly and willfully participated in, devised or intended to devise a scheme or artifice to defraud or to obtain money by means of false or fraudulent pretenses, representations as set forth in the indictment;

SECOND:  That the scheme included a material misrepresentation or concealment of a material fact;

THIRD:   That the defendants, Chad Wickline and Dan Wickline did so with the intent to defraud;

FOURTH:  That the defendant(s), Chad Wickline and Dan Wickline, used or caused another to use wire, radio or television communications in interstate commerce in furtherance of the scheme or attempting to carry out the scheme or artifice to defraud or to obtain money by means of false or fraudulent pretenses or representations;

FIFTH:   That all or part of the offense was committed in the Southern Judicial District of Ohio on or about the date alleged in the indictment.

## DEFINITIONS COUNTS ONE, SEVEN AND EIGHT

To act "knowingly" means to act with awareness of the nature of one's acts, not because of mistake, accident or negligence.

To act "willfully" means to act deliberately with the

2

specific intention to do the act.

The phrase "any scheme or artifice to defraud" includes any plan, design or course of action intended to trick, deceive or cheat another out of money, including the obtaining of money from another by means of false or fraudulent pretenses, statements or representations.  It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme, or that the alleged scheme actually succeeded in defrauding anyone.  What must be proved beyond a reasonable doubt is that the defendants knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment.  The scheme to defraud element required under 18 U.S.C. §1343, is not defined according to a technical standard.  The standard is a reflection of moral uprightness, of fundamental honesty, fair play and right dealing in the general and business life of members of society.

The term "false or fraudulent pretenses, representations, or promises" means any false statements or assertions that concern a material or important fact or a material or important aspect of the matter in question and that was either known to be untrue at the time that it was made or used, or that was made or used with reckless indifference as to whether it was, in fact, true or false, and made or used with the intent to defraud.

3

A "material" fact or matter is one that would be of importance to a reasonable person in making a decision about a particular matter or transaction.  With respect to false statements, the defendant must have known the statement was untrue when made or have made the statement with reckless indifference to its truth or falsity.

To act with "intent to defraud" means to act knowingly and with the intent to deceive or cheat someone for the purpose of causing some financial gain to oneself or causing a financial loss to another, in other words it means that the defendant made a material misrepresentation or knowingly omitted a material fact and that the misrepresentation or omission must have the purpose of inducing the victim of the wire fraud to part with property or undertake some action that he would not otherwise do absent the misrepresentation or omission.  Ordinarily there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.  But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.  You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to

4

conclude that the defendant intended those results.  Specific intent to defraud may be established by circumstantial evidence and by inferences drawn from examining the scheme itself which demonstrate that the scheme was reasonably calculated to deceive persons of ordinary prudence and comprehension.

The use of wire, radio or television communications is an essential element of the offense of wire fraud.  The government must prove beyond a reasonable doubt that the they were used in some manner to carry out the scheme or artifice to defraud.  It must be shown that the material transmitted over the wire, radio or television communications was an integral part of the execution of the scheme so that the use of the wire, radio or television communication was closely related to and facilitated, promoted or aided the scheme.  However, it is not necessary for the government to prove that the material transmitted over the wire, radio or television communication was false or fraudulent or contained any false or fraudulent statement, representation, or promise, or contained any request for money or thing of value.

To "cause" wire, radio or television communication to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

If you are convinced that the government has proved all the elements, say so by returning a guilty verdict on this charge.

If you have a reasonable doubt about any one of the elements then you must find the defendant not guilty of this charge.

*Pattern Criminal Jury Instructions - 2.08, Inferring Mental State - 10.02, Wire Fraud -Sixth Circuit (2005)*

United States v. Daniel, 329 F.3d 480, 486 (6th Cir. 2003)(brackets and some internal quotation marks omitted), quoting United States v. Van Dyke, 605 F.2d 220, 225 (6th Cir. 1979).

United States v. Daniel, Id. at 488.

United States v. Rayborn, 495 F.3d 328, 338 (6th Cir. 2007), quoting United States v. Winkle, 477 F.3d 407, 413 (6th Cir. 2007), quoting United States v. Yoon, 128 F.3d 515, 523-24 (7th Cir. 1997).

## ELEMENTS COUNTS THREE, FOUR, FIVE AND SIX

Defendant Chad Wickline is charged in Counts Three and Four with mail fraud, in violation of 18 U.S.C. §1341 and defendant Dan Wickline is charged in Counts Five and Six with mail fraud, in violation of 18 U.S.C. §1341.  In order to sustain its burden of proof for the crime of mail fraud, the government must prove the following elements beyond a reasonable doubt:

FIRST:   That the defendant(s), Chad Wickline and Dan Wickline, knowingly and willfully participated in, devised or intended to devise a scheme or artifice to defraud or to obtain money by means of false or fraudulent pretenses or representations as set forth in the indictment;

SECOND:  That the scheme included a material misrepresentation or concealment of a material fact;

THIRD:   That the defendant(s), Chad Wickline and Dan Wickline did so with the intent to defraud;

FOURTH:  That the defendant(s), Chad Wickline and Dan Wickline, used the mails or caused another to use the mails to mail some matter or thing for the purpose of carrying out or attempting to carry out the scheme or artifice to defraud or to obtain money by means of false or fraudulent pretenses or representations;

FIFTH:   That all or part of the offense was committed in the Southern Judicial District of Ohio on or about the date alleged in the indictment.

## DEFINITIONS COUNTS THREE, FOUR, FIVE AND SIX

The terms "knowingly", "willfully", "any scheme or artifice to defraud", "false and fraudulent pretenses, representations, or

promises", "material" and "intent to defraud" have already been defined for you in the instructions for Counts One, Seven and Eight.

The use of the United States mails is an essential element of the offense of mail fraud.  The government must prove beyond a reasonable doubt that the mails were used in some manner to carry out the scheme or artifice to defraud.  It must be shown that the thing mailed was an integral part of the execution of the scheme so that the use of the U.S. mails was closely related to and facilitated, promoted or aided the scheme.  However, it is not necessary for the government to prove that the item itself mailed was false or fraudulent or contained any false or fraudulent statement, representation, or promise, or contained any request for money or thing of value.

To "cause" the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen. An attempt means to commit an act which constitutes a substantial step towards the commission of a crime, with the intent that the crime be committed.  An attempt requires an act beyond mere planning or preparation which demonstrates the defendant's intent to carry out the scheme or artifice to defraud.

If you are convinced that the government has proved all the elements, say so by returning a guilty verdict on this charge.

8

If you have a reasonable doubt about any one of the elements,
then you must find the defendant not guilty of this charge.

*Pattern Criminal Jury Instructions - 10.01 - Mail Fraud -Sixth
Circuit (2005)*

United States v. Daniel, 329 F.3d 480, 486 (6th Cir.
2003)(brackets and some internal quotation marks omitted),
quoting United States v. Van Dyke, 605 F.2d 220, 225 (6th Cir.
1979).

## **Aiding and Abetting**

In Counts One, Seven and Eight, Chad Wickline and Dan Wickline are also charged with Aiding and Abetting a wire fraud. In Counts Three and Four Chad Wickline is also charged with Aiding and Abetting a mail fraud. Dan Wickline is also charged in Counts Five and Six with Aiding and Abetting a mail fraud.   In Counts Eleven, Twelve and Sixteen Chad Wickline is also charged with Aiding and Abetting the commission of a money laundering offense and Dan Wickline is also charged in Counts Thirteen, Fourteen, Fifteen and Sixteen with Aiding and Abetting the commission of a money laundering offense.

For you to find Chad Wickline and Dan Wickline guilty of aiding and abetting in those particular counts, it is not necessary for you to find that they personally committed the crime themselves.  You may also find them guilty if they intentionally helped or encouraged someone else to commit the crime.  A person who does this is called an aider and abettor.

For you to find the either defendant guilty of mail fraud, wire fraud or money laundering, as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:  First, that the crime of mail fraud, wire fraud or money laundering was committed.  Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.   And third, that

10

the defendant intended to help commit or encourage the crime.

You may also find Chad Wickline and/or Dan Wickline guilty as an aider and abettor if they willfully caused an act to be done which would be a federal crime if directly performed by them or another.  But for you to find Dan Wickline and Chad Wickline guilty of aiding and abetting a mail fraud, wire fraud or money laundering, you must be convinced that the government has proven each and every one of the following elements beyond a reasonable doubt:

> FIRST:    That the defendant caused another to commit the act of mail fraud, wire fraud or money laundering;
>
> SECOND:   If the defendant or another person had committed the act it would have been the crime of mail fraud, wire fraud or money laundering; and,
>
> THIRD:    That the defendant willfully caused the act to be done.

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty.  You may consider this in deciding whether the government has proved that the defendant caused the act to be done, but without more it is not enough.  What the government must prove is that the defendant willfully did something to cause the acts to be committed. If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt

11

about any one of these elements, then you cannot find the defendant guilty of mail fraud, wire fraud or money laundering as an aider and abettor.

*Pattern Criminal Jury Instructions - 4.01, Aiding and Abetting - 4.01A, Causing and Act - Sixth Circuit (1995)*

## ELEMENTS COUNT TWO

Defendants are charged in Count Two of the Indictment with conspiracy to use to commit mail fraud and wire fraud in violation of 18 U.S.C. §371.  To establish the elements of the offense of conspiracy to commit mail fraud and wire fraud as charged in Count Two, the government must prove beyond a reasonable doubt the following elements:

FIRST:    That two or more persons conspired together to commit the offenses of mail fraud and wire fraud in violation of 18 U.S.C. §§1341 and 1343 and that the defendant was one of those persons;

SECOND:   That the defendant knowingly and voluntarily joined the conspiracy;

THIRD:    That a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy;

FOURTH:   That the conspiracy occurred, in whole or in part, in the Southern District of Ohio on or about the dates alleged in the indictment.

## DEFINITIONS COUNT TWO

To establish the first element of the offense of conspiracy, the government must prove beyond a reasonable doubt that two or more persons, one of whom was the defendant, conspired to commit mail fraud and wire fraud, in violation of 18 U.S.C. §371.

Now, some of the people who may have been involved in these events are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and

prosecuted, or tried together in one proceeding.  Nor is there any requirement that the names of the other conspirators be known.  An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them.  Whether they are named or not does not matter.

A conspiracy is a "criminal partnership" or combination of two or more persons to accomplish some unlawful purpose.  This does not require proof of any formal agreement, written or spoken.  Nor does this require proof that everyone involved agreed on all the details or that the object of the conspiracy was successful.  To find a defendant guilty of conspiracy, you do not have to find that defendant or any conspirator actually committed mail fraud or wire fraud in violation of 18 U.S.C. §§1341 and 1343.  But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.

The government must prove that the defendant and at least one other person knowingly and deliberately arrived at some type of agreement or understanding, either spoken or unspoken, to engage in conduct constituting mail fraud and wire fraud in violation of 18 U.S.C. §§1341 and 1343.  It must be shown that there was a joint plan or scheme to use the mails or wire, radio and television communications.   It must be shown that this plan

14

or scheme was knowingly formed and existed between the defendant and one or more persons, and that these conspirators in some way or manner came to a mutual understanding to try to accomplish a common unlawful plan.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed.  In determining whether the alleged conspiracy or agreement existed, you may consider the statements and conduct of the conspirators occurring during the course of the conspiracy. However, statements of any of the conspirators which are made before its existence or after its termination may be considered as evidence only against the person making the statement.

The alleged purpose or object of the conspiracy is engaging in conduct which constitutes mail fraud or wire fraud.  The elements of mail fraud and wire fraud are defined in the instructions concerning Counts One and Three, respectively, of the indictment.  In order to find that a conspiracy existed, you must determine whether the object or purpose of the conspiracy existed as charged and whether the object of the conspiracy constituted mail fraud or wire fraud.

The indictment accuses the defendants of conspiring to commit two federal crimes: mail fraud and wire fraud.  The government does not have to prove that the defendants agreed to commit all these crimes.  But the government must prove an

15

agreement to commit at least one of them for you to return a guilty verdict of the conspiracy charge.

If you are convinced that a conspiracy existed, then you must determine whether the defendant knowingly and voluntarily became a member of the conspiracy as required to satisfy the second element.  Each defendant must be considered on an individual basis in this regard. One may become a member of a conspiracy without full knowledge of the details of the conspiracy.  It must be proved that the defendant knew the conspiracy's main purpose, and that he knowingly and voluntarily joined it intending to help advance or achieve its goals.  A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose.

A defendant need not know everything about the conspiracy, or everyone else involved, and is not required to be a member of it from the very beginning.  Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial.  However, a defendant may not be held responsible for the acts of a co-conspirator which were not in fact done in furtherance of the conspiracy, were beyond the scope of the unlawful plan, or could not have been reasonably foreseen as a natural consequence of the unlawful agreement.

The third element of conspiracy requires that at least one

16

of the overt acts set forth in the indictment was done in furtherance of the conspiracy.  An "overt act" is an outward physical act done in order to accomplish the unlawful purpose of the conspiracy.  It need not be a criminal act in and of itself. An overt act is committed if an actual act, as opposed to thoughts or discussions, is done for the purpose of carrying out the unlawful agreement.  The government is not required to prove each and every overt act alleged in the indictment, but you must unanimously agree that at least one of the overt acts alleged in the indictment was actually carried out.  The defendant may be found guilty even though he did not personally play a part in the overt act.  Once it is established that a person is a willful party to a conspiracy, the performance of an overt act by any one of the co-conspirators satisfies this element.

There is no requirement that the entire conspiracy take place here in the Southern District of Ohio.  But for you to return a guilty verdict on the conspiracy charge, you must find that either the agreement, or one of the overt acts, took place here in the Southern District of Ohio. Unlike all other elements this must only be proven by a preponderance of the evidence. This means that it is more likely than not that part of the conspiracy took place in the Southern District of Ohio.

Count Four of the indictment accuses the defendants of the crime of conspiracy to commit mail fraud and wire fraud in

17

violation of 18 U.S.C. §§ 1341 and 1343.  For you to return a guilty verdict you must either find that the defendant personally committed or participated in the crime, or find that the defendant is responsible for acts committed by other members of the conspiracy and those acts help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement.

In other words, the act of one conspirator may be treated as the act of all.  This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves. This does not require proof that each defendant specifically agreed or knew that the crime would be committed.  But the government must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy. No defendant is responsible for the acts of others that go beyond the fair scope of the agreement as the defendant understood it.

*Pattern Criminal Jury Instructions - 3.01A, Conspiracy - 3.02, Agreement - 3.03, Defendant's Connection to Conspiracy - 3.04, Overt Acts - 3.06, Unidicted, Unnamed or Separately Tried Co-Conspirators - 3.07, Venue - Sixth Circuit (1995)*

## ELEMENTS COUNT NINE

Defendants are charged in Count Nine of the Indictment with a money laundering conspiracy in violation of 18 U.S.C. §1956(h). To establish the elements of the offense of a money laundering conspiracy, the government must prove beyond a reasonable doubt the following elements:

FIRST:   That two or more persons conspired together to commit money laundering offenses in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(ii), 1956(a)(1)(B)(i) and 1957 and that the defendant was one of those persons;

SECOND:   That the defendant knowingly and voluntarily joined the conspiracy;

THIRD:   That the conspiracy occurred, in whole or in part, in the Southern District of Ohio on or about the dates alleged in the indictment.

## DEFINITIONS COUNT NINE

To establish the first element of the offense of conspiracy, the government must prove beyond a reasonable doubt that two or more persons, one of whom was the defendant, conspired to commit money laundering offenses in violation of §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(ii), 1956(a)(1)(B)(i) and 1957.

A conspiracy is a "criminal partnership" or combination of two or more persons to accomplish some unlawful purpose.  This does not require proof of any formal agreement, written or

19

spoken.  Nor does this require proof that everyone involved agreed on all the details or that the object of the conspiracy was successful.  To find a defendant guilty of this conspiracy, you do not have to find that defendant or any conspirator actually committed money laundering offenses in violation of §§1956(a)(1)(A)(i), 1956(a)(1)(B)(ii), 1956(a)(1)(B)(i) and 1957. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.

As stated before, some of the people who may have been involved in these events are not on trial.  This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted or tried together in one proceeding.  Nor is there any requirement that the names of the other conspirators be known.  An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them.  Whether they are named or not does not matter.

The government must prove that the defendant and at least one other person knowingly and deliberately arrived at some type of agreement or understanding, either spoken or unspoken, to engage in conduct constituting money laundering offenses in violation of §§1956(a)(1)(A)(i), 1956(a)(1)(B)(ii), 1956(a)(1)(B)(i) and 1957.  It must be shown that there was a

20

joint plan or scheme to conduct financial transactions which
involved proceeds of conspiracy to commit mail fraud and wire
fraud, knowing that the proceeds are so derived, with the intent
to promote the carrying on of said mail fraud and wire fraud
conspiracy in violation of §1956(a)(1(A)(i); conduct monetary
transactions which involve criminally derived property of a value
greater than $10,000.00 derived from specified unlawful activity,
in violation of 18 U.S.C. §1957; conduct financial transactions
which involve proceeds derived from conspiracy to commit mail
fraud and wire fraud, knowing that the proceeds are so derived,
which transactions were designed in whole or in part to avoid a
transaction reporting requirement under State or Federal law, in
violation of 18 U.S.C. §1956(a)(1)(B)(ii); and, conduct financial
transactions which involve proceeds from conspiracy to commit
mail fraud and wire fraud, which transactions were designed in
whole or in part to conceal, or disguise the nature, the
location, the source, the ownership or the control of the
proceeds of the conspiracy to commit mail fraud and wire fraud,
in violation of 18 U.S.C. §1956(a)(1)(B)(i).  It must be shown
that this plan or scheme was knowingly formed and existed between
the defendant and one or more persons, and that these
conspirators in some way or manner came to a mutual understanding
to try to accomplish a common unlawful plan.

   An agreement can be proved indirectly, by facts and

circumstances which lead to a conclusion that an agreement existed.  In determining whether the alleged conspiracy or agreement existed, you may consider the statements and conduct of the conspirators occurring during the course of the conspiracy. However, statements of any of the conspirators which are made before its existence or after its termination may be considered as evidence only against the person making the statement.

The alleged purpose or object of the conspiracy is engaging in conduct which constitutes money laundering.  The elements of conducting a financial transaction involving specified unlawful activity, knowing that the proceeds are so derived, with the intent to promote the specified unlawful activity is defined in the instructions concerning Counts Ten and Eleven of the indictment.  The elements of conducting monetary transactions which involve criminally derived property of a value greater than $10,000.00 and is derived from specified unlawful activity is defined in the instructions concerning Counts Twelve and Fifteen. The elements of conducting financial transactions which involve proceeds derived from a specified unlawful activity, knowing that the proceeds are so derived, which transactions were derived in whole or in part to avoid a transaction reporting requirement under State or Federal law is defined in the instructions concerning Counts Thirteen and Fourteen.  The elements of conducting financial transactions which involve proceeds derived

22

from a specified unlawful activity, knowing the proceeds are so
derived, which transactions were designed in whole or in part to
conceal, or disguise the nature, the location, the source, the
ownership or the control of the proceeds of said specified
unlawful activity are defined in the instructions in Count
Sixteen.  In order to find that a conspiracy existed, you must
determine whether the object or purpose of the conspiracy existed
as charged and whether the object of the conspiracy constituted
these money laundering offenses.

The indictment accuses the defendants of conspiring to
commit four federal money laundering crimes: conducting a
financial transaction involving proceeds from conspiracy to
commit mail fraud and wire fraud, knowing that the proceeds are
so derived with the intent to promote the carrying on of said
conspiracy in violation of §1956(a)(1(A)(i); conducting monetary
transactions which involve criminally derived property of a value
greater than $10,000.00 derived from specified unlawful activity,
in violation of 18 U.S.C. §1957; conducting financial
transactions which involve proceeds derived from conspiracy to
commit mail fraud and wire fraud, knowing that the proceeds are
so derived, which transactions were designed in whole or in part
to avoid a transaction reporting requirement under State or
Federal law, in violation of 18 U.S.C. §1956(a)(1)(B)(ii); and,
conducting financial transactions which involve proceeds from

23

conspiracy to commit mail fraud and wire fraud, which
transactions were designed in whole or in part to conceal, or
disguise the nature, the location, the source, the ownership or
the control of the proceeds of the conspiracy to commit mail
fraud and wire fraud, in violation of 18 U.S.C.
§1956(a)(1)(B)(i).  The government does not have to prove that
the defendants agreed to commit all these crimes.  But the
government must prove an agreement to commit at least one of them
for you to return a guilty verdict of the conspiracy charge.  Nor
does the government have to prove that an overt act was committed
in furtherance of the money laundering conspiracy.  In Count Two
of the indictment, which charges the defendants with conspiracy
to commit mail fraud and wire fraud, the government is required
to prove one overt act committed in furtherance of the mail fraud
and wire fraud conspiracy; but, in a money laundering conspiracy
the government **is not** required to prove an overt act.

     If you are convinced that a conspiracy existed, then you
must determine whether the defendant knowingly and voluntarily
became a member of the conspiracy as required to satisfy the
second element.  Each defendant must be considered on an
individual basis in this regard. One may become a member of a
conspiracy without full knowledge of the details of the
conspiracy.  It must be proved that the defendant knew the
conspiracy's main purpose, and that he knowingly and voluntarily

joined it intending to help advance or achieve its goals.  A
defendant's knowledge can be proved indirectly by facts and
circumstances which lead to a conclusion that he knew the
conspiracy's main purpose.

A defendant need not know everything about the conspiracy,
or everyone else involved, and is not required to be a member
of it from the very beginning.  Nor does it require proof that a
defendant played a major role in the conspiracy, or that his
connection to it was substantial.  However, a defendant may not
be held responsible for the acts of a co-conspirator which were
not in fact done in furtherance of the conspiracy, were beyond
the scope of the unlawful plan, or could not have been reasonably
foreseen as a natural consequence of the unlawful agreement.

There is no requirement that the entire conspiracy take
place here in the Southern District of Ohio.  But for you to
return a guilty verdict on the conspiracy charge, you must find
that either the agreement, or one of the overt acts, took place
here in the Southern District of Ohio. Unlike all other elements
this must only be proven by a preponderance of the evidence.
This means that it is more likely than not that part of the
conspiracy took place in the Southern District of Ohio.

Count Nine of the indictment accuses the defendants of the
crime conspiracy to commit money laundering offenses.  For you to
return a guilty verdict you must either find that the defendants

personally committed or participated in the crime, or find that the defendants are responsible for acts committed by other members of the conspiracy and those acts help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement.

In other words, the act of one conspirator may be treated as the act of all. This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves. This does not require proof that each defendant specifically agreed or knew that the crime would be committed. But the government must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy. No defendant is responsible for the acts of others that go beyond the fair scope of the agreement as the defendant understood it.

*Pattern Criminal Jury Instructions – 3.01A, Conspiracy – 3.02, Agreement – 3.03, Defendant's Connection to Conspiracy – 3.04, Overt Acts – 3.06, Unindicted, Unnamed or Separately Tried Co-Conspirators – Sixth Circuit (1995)*

Whitfield v. United States, 543 U.S. 209, 211 (2005).

## **PINKERTON RULE**

There are two ways that the government can prove the defendants guilty of this crime.  The first is by convincing you that they personally committed or participated in this crime. The second is based on the legal rule that all members of a conspiracy are responsible for acts committed by the other members, as long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement.  In other words, under certain circumstances, the act of one conspirator may be treated as the act of all.  This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves.

For you to find the defendants guilty of mail fraud and wire fraud conspiracy as charged in Count Two and/or money laundering conspiracy as charged in Count Nine, based on this legal rule, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt: First, that the defendant was a member of the conspiracy. Second, that after he joined the conspiracy, and while he was still a member of it, one or more of the other members committed the crime of mail fraud or wire fraud as charged in Count Two

and/or money laundering offenses as charged in Count Nine. Third, that this crime was committed to help advance the conspiracy.  And fourth, that this crime was within the reasonably foreseeable scope of the unlawful project.

The crime must have been one that the defendant could have reasonably anticipated as a necessary or natural consequence of the agreement.  This does not require proof that each conspirators specifically agreed or knew that the crime would be committed.  But the government must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy.  The defendant is not responsible for the acts of others that go beyond the fair scope of the agreement as the defendant understood it.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of them, then the legal rule that the act of one conspirator is the act of all would not apply.

*Pattern Criminal Jury Instructions - 3.10 - Pinkerton Liability for Substantive Offenses Committed by Other - Sixth Circuit (1995)*

## ELEMENTS COUNTS TEN AND ELEVEN

Defendant Chad Wickline is charged in Counts Ten and Eleven with conducting a financial transaction, with the intent to promote the carrying on a specified unlawful activity.  In order to sustain the charge of conducting a financial transaction with the intent to promote the specified unlawful activity as charged in Counts Ten and Eleven of the indictment, the government must prove the following elements:

FIRST:      That the defendant conducted a financial transaction;

SECOND:     That the financial transaction involved the property that represented the proceeds of mail fraud, wire fraud and conspiracy to commit mail fraud and wire fraud;

THIRD:      That the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

FOURTH:     That the defendant had the intent to promote the carrying on of the conspiracy to commit mail fraud and wire fraud; and,

FIFTH:      That the offense occurred, in whole or in part, in the Southern District of Ohio, on or about the dates alleged in the indictment.

## DEFINITIONS COUNTS TEN AND ELEVEN

The term "financial transaction" means a transaction in

29

which in any way or degree affects interstate or foreign commerce involving the movement of funds by wire or other means or involving one or more monetary instruments.  Examples of financial transactions are transactions at financial institutions, such as deposits, withdrawals and check cashings.

The term "monetary instruments" means coin or currency of the United States or any other country, travelers' checks, personal checks, bank checks, and money orders.

The term "financial institution" means an insured bank of the Federal Deposit Insurance Act, a commercial bank or trust company, and any credit union.

The word "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

The word "proceeds" includes what is produced by or derived from unlawful activity.

The phrase "knew that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" means that the defendant knew the property involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes a felony under state or federal law.  The government does not have to prove that the defendant knew the property involved represented proceeds of a felony as long as he knew the property involved represented proceeds of some form of unlawful activity.

30

The phrase to "promote the carrying on of the specified unlawful activity" would mean conducting a financial transaction, using the illegal proceeds, to further the criminal activity.

For you to find the defendant guilty of conducting a financial transaction with the intent to promote the specified unlawful activity, it is not necessary for you to find that he personally committed the crime himself.  You may also find him guilty as an aider and abetter, as defined earlier in count one.

If you are convinced that the government has proved all of these elements, say so by returning a verdict of guilty of this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

*Pattern Criminal Jury Instructions – 11.01 – Money Laundering, Domestic Financial Transaction With Intent to Promote the Carrying On of Specified Unlawful Activity – Sixth Circuit (1995)*

<u>United States v. McGahee</u>, 257 F.3d 520, 527 (6th Cir. 2001)

**ELEMENTS COUNTS TWELVE AND FIFTEEN**

Defendant Chad Wickline is charged in Count Twelve and Dan Wickline is charged in Count Fifteen with engaging in monetary transactions in property derived from a specified unlawful activity in violation of 18 U.S.C. §1957.  In order to sustain the charge of engaging in monetary transactions in property derived from specified a unlawful activity as charged in Counts Twelve and Fifteen of the indictment, the government must prove the following elements:

FIRST:     That the defendant engaged or attempted to engage in a monetary transaction;

SECOND:    That the defendant knew the transaction involved criminally derived property;

THIRD:     The property had a value greater than $10,000;

FOURTH:    The property was derived from the mail fraud in violation of 18 U.S.C. §1341, wire fraud in violation of 18 U.S.C. §1343;

FIFTH:     The monetary transaction in some way or degree affected interstate commerce;

SIXTH:     That all or part of the offense was committed in the Southern Judicial District of Ohio on or about the date alleged in the indictment.

## DEFINITIONS COUNTS TWELVE AND FIFTEEN

The term "monetary transaction" means the deposit, withdrawal, transfer or exchange, in or affecting interstate commerce, or funds or a monetary instrument, by, through, or to a financial institution.

The phrase "financial institution" includes commercial banks, trust companies, businesses engaged in vehicle sales including automobile sales, and businesses and persons engaged in real estate closings or settlements.

"Criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.

The term "specified unlawful activity" includes any act or activity constituting an offense listed in Section 1961(1) of Title 18.  Included among the listed offenses is mail fraud in violation of 18 U.S.C. 1341 and wire fraud in violation of 18 U.S.C. §1343.  The government is not required to prove the defendant knew that the offense from which the criminally derived property was derived was specified unlawful activity.

For you to find the defendant guilty of engaging in monetary transactions in property derived from a specified unlawful activity, it is not necessary for you to find that he personally

committed the crime himself.  You may also find him guilty as an
aider and abetter, as defined earlier in count one.

If you are convinced that the government has proved all of
these elements, say so by returning a verdict of guilty of this
charge.  If you have a reasonable doubt about any one of these
elements, then you must find the defendant not guilty of this
charge.

*Pattern Criminal Jury Instructions - 11.06 - Money Laundering,*
*Engaging in a Monetary Transaction in Property Derived from*
*Specified Unlawful Activity - Sixth Circuit (1995)*

## ELEMENTS OF COUNTS THIRTEEN AND FOURTEEN

Counts Thirteen and Fourteen of the indictment charge Dan Wickline with conducting a financial transaction that was designed to avoid a transaction reporting requirement under state or federal law, in violation of 18 U.S.C. §1956(a)(1)(B)(ii).  In order to sustain the charge of conducting a financial transaction designed to avoid a transaction reporting requirement under state or federal law as charged in Counts Thirteen and Fourteen of the indictment, the government must prove the following elements:

> FIRST:   That the defendant conducted a financial transaction.
>
> SECOND:  That the financial transaction involved property that represented the proceeds of mail fraud, in violation of 18 U.S.C. §1341, wire fraud, in violation of 18 U.S.C. §1343, and conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. §371.
>
> THIRD:   That the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.
>
> FOURTH:  That the defendant knew that the transaction was designed in whole or in part to avoid a transaction reporting requirement under state or federal law.
>
> FIFTH:   That all or part of the offense was committed in the Southern Judicial District of Ohio on or about the date alleged in the indictment.

## DEFINITIONS COUNTS THIRTEEN AND FOURTEEN

The term "financial transaction" has been defined in Counts Ten and Eleven.

The term "financial institution" has been defined in Counts Ten and Eleven.

The word "conducts" has been defined in Counts Ten and Eleven.

The word "proceeds" includes what is produced by or derived from unlawful activity.

The phrase "knew that the property involved in the financial transaction represents the proceeds of some form of unlawful activity" means that the defendant knew the funds involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes a felony under state or federal law.  The government does not have prove that the defendant knew the property involved represented proceeds of a felony, as long as he knew the property involved represented proceeds of some form of unlawful activity.

For you to find the defendant guilty of conducting a financial transaction in property derived from a specified unlawful activity to avoid a transaction reporting requirement under state or federal law, it is not necessary for you to find that he personally committed the crime himself.  You may also

36

find him guilty as an aider and abetter, as defined earlier in Count One.

If you are convinced that the government has proved all of these elements, say so by returning a verdict of guilty of this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

*Pattern Criminal Jury Instructions - 11.02 - Money Laundering, Conducting a Financial Transaction to Avoid a Transaction Reporting Requirement Under State or Federal Law - Sixth Circuit (1995)*

## ELEMENTS COUNT SIXTEEN

Defendants Chad Wickline and Dan Wickline are charged in Count Sixteen with conducting a financial transaction designed in whole or in part to conceal and disguise the nature, source, ownership and control of the proceeds of specified unlawful activity in violation of 18 U.S.C. §1956(a)(1)(B)(i).  In order to sustain the charge of conducting a financial transaction designed to conceal or disguise the nature, source, ownership and control of the proceed of specified unlawful activity as charged in Count Sixteen of the indictment, the government must prove the following elements:

FIRST:    That the defendant conducted a financial transaction.

SECOND:   That the financial transaction involved property that represented the proceeds of mail fraud, in violation of 18 U.S.C. §1341, wire fraud, in violation of 18 U.S.C. §1343, and conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. §371.

THIRD:    That the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

FOURTH:   That the defendant knew that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of mail fraud, in violation of 18 U.S.C. §1341, wire fraud, in violation of 18 U.S.C. §1343 and conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. §371.

38

FIFTH:    That all or part of the offense was committed in the Southern Judicial District of Ohio on or about the date alleged in the indictment.

## DEFINITIONS COUNT SIXTEEN

The term "financial transaction" has been defined in Counts Ten and Eleven.

The term "financial institution" has been defined in Counts Ten and Eleven.

The word "conducts" has been defined in Counts Ten and Eleven.

The word "proceeds" includes what is produced by or derived from unlawful activity.

The phrase "knew that the property involved in the financial transaction represents the proceeds of some form of unlawful activity" means that the defendant knew the funds involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes a felony under state or federal law.  The government does not have prove that the defendant knew the property involved represented proceeds of a felony, as long as he knew the property involved represented proceeds of some form of unlawful activity.

For you to find the defendant guilty of conducting a financial transaction in property derived from a specified unlawful activity to conceal or disguise the nature, location,

39

source, ownership and control of the proceeds, it is not necessary for you to find that he personally committed the crime himself.  You may also find him guilty as an aider and abetter, as defined earlier in Count One.

If you are convinced that the government has proved all of these elements, say so by returning a verdict of guilty of this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

*Pattern Criminal Jury Instructions - 11.02 - Money Laundering, Conducting a Financial Transaction to Conceal the Nature, Location, Source, Ownership and Control of the Proceeds of the Specified Unlawful Activity - Sixth Circuit (1995)*

## **TRANSCRIPTIONS OF RECORDINGS**

You have heard recordings that were received in evidence, and you were given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said.  The tape itself is the evidence.  If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read.  And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

*Pattern Criminal Jury Instructions - 7.17 - Transcriptions of*
*Tape Recordings - Sixth Circuit (1995)*

41

## **CERTIFICATE OF SERVICE**

A copy of the foregoing Proposed Jury Instruction was served

on Brian Mahany, Attorney for Chad Wickline and Ross Babbitt,

Attorney for Dan Wickline via the Court's ECF system.

/s/ Marcia J. Harris
MARCIA J. HARRIS (0031632)
Assistant U.S. Attorney
