```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


UNITED STATES OF AMERICA

         vs.                          :   NO.   CR-2-07-121

CHAD WICKLINE                         :   JUDGE MARBLEY
DAN WICKLINE
```

**PROPOSED FORFEITURE JURY INSTRUCTIONS OF THE UNITED STATES**

Now comes the United States of America, by Marcia J. Harris and Daniel A. Brown, Assistant United States Attorneys for the Southern District of Ohio and submits the following proposed forfeiture jury instructions for the above-captioned case.

```
                              Respectfully submitted,

                              GREGORY G. LOCKHART
                              United States Attorney

                              s/Marcia J. Harris
                              MARCIA J. HARRIS (0031632)
                              Assistant United States Attorney
                              Marcia.Harris@usdoj.gov

                              s/Daniel A. Brown
                              DANIEL A. BROWN (0023147)
                              Assistant United States Attorney
                              Attorneys for Plaintiff
                              303 Marconi Boulevard
                              Suite 200
                              Columbus, Ohio 43215
                              (614) 469-5715
                              Fax: (614) 469-5653
                              DBrown4@usa.doj.gov
```

<u>UNITED STATES PROPOSED FORFEITURE INSTRUCTION NO. 1</u>
(Jury's Duty Regarding Forfeiture)

Ladies and Gentlemen of the Jury, in view of your verdict that the defendant is guilty of mail fraud/wire fraud conspiracy and/or money laundering conspiracy in Counts Two and/or Nine, you have one more task to perform before you are discharged.

Under federal law, any person who is convicted of a mail fraud/wire fraud conspiracy involving telemarketing (hereinafter mail fraud/wire fraud conspiracy) shall forfeit to the United States all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.  Telemarketing in this context means a plan, program, promotion, or campaign that is conducted to induce purchases of goods or services by use of 1 or more interstate telephone calls initiated either by a person who is conducting the plan, program, promotion or campaign or by a prospective purchaser.                                  In addition, under federal law, any person who is convicted of a money laundering conspiracy shall forfeit to the United States all property, real or personal, that is involved in the violation or that is traceable to such property.

You must now consider what verdict to render on the question whether there is a nexus, that is a connection, between a) property that the government alleges constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the mail fraud/wire fraud conspiracy from which you have already found the defendant guilty and whether the conspiracy involved telemarketing;

and/or b) property that the Indictment alleges shall be forfeited to the United States in the money laundering conspiracy count and the violations in that count of which you have already found the defendants guilty.

I instruct you, however, that your previous finding that the defendant is guilty of a mail fraud/wire fraud conspiracy and a money laundering conspiracy is final, conclusive, and binding.  Because you are bound by your previous finding that the defendants are guilty, I direct you not to discuss in your forfeiture deliberations whether a defendant is guilty or not guilty of mail fraud/wire fraud conspiracy and/or money laundering conspiracy.

All of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, and duty to deliberate apply with respect to your verdicts regarding forfeiture.

---

18 U.S.C. §982(a)(1)("The court, in imposing a sentence on a person convicted of an offense in violation of section 1956, 1957...of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.")

18 U.S.C. §982(a)(8)("The court, in sentencing a defendant convicted of an offense under section ...1341, 1342, 1343...or of a conspiracy to commit such an offense, if the offense involves telemarketing (as that term is defined in section 2325), shall order that the defendant forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.")

Fed. R. Crim. P. 32.2(b)(1) ("As soon as practicable after entering a guilty verdict...on any count in any indictment...with regard to which criminal forfeiture is sought, a court shall determine what property is subject to forfeiture under the applicable statute.")

*******

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 2
(Government's Burden of Proof Regarding Forfeiture)

However, my previous instructions on the government's burden of proof regarding your verdicts on the guilt of the defendants **do not** apply to your deliberations and verdicts regarding forfeiture.  In deliberating and deciding your verdicts regarding forfeiture, I instruct you that the government need only prove by a preponderance of the evidence that a) the property was involved in the money laundering offense or is property traceable to such property with respect to the money laundering conspiracy and/or b) that the property constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the mail fraud/wire fraud conspiracy.  The government is not required to prove either of these two things beyond a reasonable doubt.

I instruct you that, in order for the government to establish by a preponderance of the evidence that property was "involved in" the financial transactions charged in the money laundering conspiracy or is "traceable to" such property, it must prove that is more likely than not that the property was "involved in" or is "traceable to".  In other words, "preponderance of the evidence" means that the government's evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that the property was "involved in" the financial transactions charged as money laundering conspiracy or traceable to such property.  Your job is to determine whether it is more likely than not that the property was involved in" or

is "traceable to" such property.

In order for the government to establish by a preponderance of the evidence that property constitutes or is derived, directly or indirectly, from gross proceeds of the commission of the mail fraud/wire fraud conspiracy, it must prove that it is more likely than not that this is so. Such as the case with the money laundering conspiracy, "preponderance of the evidence" means that the government's evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that the property constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the mail fraud/wire fraud conspiracy. Your job is to determine whether it is more likely that not that the property is such property.

---

Libretti v. United States, 116 S. Ct. 356 (1995) (criminal forfeiture is aspect of sentencing)

United States v. Corrado, 227 F.3d 543, 550 (6th Cir. 2000) (criminal forfeiture is part of sentencing and need not be proven beyond a reasonable doubt)

South-East Coal Company v. Consolidation Coal Company, 434 F.2d 767, 778 (6th Cir. 1970), cert. denied, 402 U.S. 983 (1971) (definition of "preponderance of the evidence")

*******

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 3
(Jury May Consider Trial Evidence as Well as Any Additional Evidence Presented on the Issue of Forfeiture)

While deliberating, you may consider any evidence offered by the parties before or after your previous deliberations.

---

<u>United States v. Sandidi</u>, 816 F.2d 869, 873-74 (3rd Cir. 1987) (issues of culpability and forfeitability should be determined in the same trial, but the jury should not consider the special forfeiture verdict until after it has convicted the defendant)

*******

<u>UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 4</u>
(Money Judgment)

Under federal law, any person who is convicted of a money laundering conspiracy is required to forfeit to the United States any property, whether or not that property has been or can be seized by the government.  Moreover, under federal law, any person who is convicted of a mail fraud/wire fraud conspiracy shall forfeit to the United States property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, whether or not that property has been or can be seized by the government. Thus, the government is entitled to a personal money judgment against the defendant that is equal to the value of the property that was involved in the money laundering conspiracy and/or the value of the property that is traceable to such property; and/or a personal money judgment against a defendant for an amount equal to the value of the property that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the mail fraud/wire fraud conspiracy.  Regarding the money laundering conspiracy for which the government requests a money judgment, it is your duty to determine the value of the property involved in and/or traceable to property involved in the money laundering offense.  Regarding the mail

fraud/wire fraud conspiracy for which the government requests a money judgment, it is your duty to determine whether it is more likely or not that the amount the government requests constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the mail fraud/wire fraud conspiracy.  I instruct you that in considering your forfeiture verdict(s), you may not consider the degree to which a particular defendant was involved in the offense because, by law and as the special verdict form provides, each defendant is liable for the entire amount of the money judgment.

---

Fed.R.Crim.P. 32.2(b)(1)("If the government seeks a personal money judgment against the defendant, the court [or jury] shall determine the amount of money that the defendant will be ordered to pay."

United States v. Corrado, 227 F.3d 543, 558 (6th Cir. 2000)(RICO – district court ordered to enter a money judgment against the defendants jointly and severally for amount obtained directly or indirectly from RICO conspiracy; the Government is not required to show that the defendants shared the proceeds of the offense among themselves, nor to establish how much a particular defendant obtained)

United States v. Voigt, 89 F.3d 1050, 1084-1088 (3rd Cir.), cert. denied, 117 S.Ct. 623(1996)(goverment entitled to money judgment for amount of money "involved in" money laundering even if it can't strictly trace the money laundered to any specific property)

(§982 – a forfeiture may include a money judgment for the amount of money involved in the money laundering offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond)

*******

<u>UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO.5</u>
(Definitions)

I instruct you that the term "property involved in the money laundering conspiracy" includes:

>    1.   The money or other property that
>         was the subject of the financial
>         transactions that constituted the
>         money laundering conspiracy.
>
>    2.   Any fees commissions paid to the
>         the money launderer.
>
>    3.   Any property used to facilitate, or
>         make easier, the money laundering
>         conspiracy.

Property may be the subject of the money laundering transaction in a number of ways.  For example, the property may be the proceeds of the underlying specified unlawful activity being laundered; it can be property that was commingled with those proceeds at the time the financial transaction took place; or it can be property that was obtained as part of an exchange or purchase that constitutes the money laundering conspiracy for which the defendant has been found guilty.

I instruct you that property "traceable to" property involved in a money laundering conspiracy is property to which you can trace, in any way, to property that was involved as proceeds or facilitating property in the money laundering conspiracy.

There are a number of ways in which property may be traceable to property involved in a money laundering conspiracy.  Proceeds or facilitating property that were involved in the money laundering violation may be used to acquire, improve, or maintain real or personal property in a transaction that is not part of a money laundering conspiracy.  Property is forfeitable as traceable to property that was involved in a money laundering violation even if some untainted funds were also used to purchase, improve or maintain the property.

I instruct you that the following property constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the mail fraud/wire fraud conspiracy.

1. All property that was obtained, directly or indirectly, by means of the mail fraud/wire fraud conspiracy; and

2. All property that was obtained using, at least in part, property that was obtained by means of the mail fraud/wire fraud conspiracy; and

3. All property that was improved or maintained using, at least in part, property that was obtained by means of the mail fraud/wire fraud conspiracy; and

4. All profit and increase in value on property that was obtained, at least in part, by means of the mail fraud/wire fraud conspiracy.

Thus I instruct you that all property acquired, maintained, or improved, at least in part, with proceeds of the commission of the false statement offense constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the mail fraud/wire fraud conspiracy. The term "gross proceeds" means the amount obtained, directly or indirectly, from the commission of the false statement offense, without adjustment for expenses, taxes, or any other amount. "Gross proceeds does not mean, therefore, just the profit from the offense.

---

United States v. Hill, 46 Fed. Appx. 838, 839 (6th Cir. 2002)(following United States v. Hawkey, 148 F.3d 920, 928 (8th Cir. 1998); stock that appreciates in value is forfeitable as property traceable to the originally forfeitable shares)

United States v. McGauley, 279 F.3d 62 (1st Cir. 2002)(withdrawal of $243,000 from various bank accounts that contained commingled funds, of which only $55,000 was fraud proceeds, supported forfeiture of entire amount because the clean money was used to conceal or disguise the tainted funds)

United States v. Bornfield, 145 F.3d 1123, 1135-36 (10th Cir. 1998), cert. denied, 120 S.Ct. 986 (2000)(preferable to instruct that under §982 property "involved in" money laundering includes the money or other property laundered (corpus), commissions or fees, and facilitating property)

United States v. Keeling, 235 F.3d 533, 537 (10th Cir. 2000), cert. denied, 121 S.Ct. 2575 (2001) (proceeds means gross proceeds and not merely profits)

**********

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 6
(Duty Not To Consider Certain Issues Court Will Decide)

I further instruct you that what happens to any property that is declared forfeited is exclusively a matter for the court to decide. You should not consider what might happen to the property in determining whether the property is subject to forfeiture.

Your sole concern now is to determine whether the property "involved in" or is "traceable to" the money laundering conspiracy and/or derived, directly or indirectly, from gross proceeds traceable to the commission of the mail fraud/wire fraud conspiracy for which the defendants have already been convicted.

Similarly, you are not to consider whether the property is presently available. That matter will also be considered solely by the court in imposing sentence.

\*\*\*\*\*\*\*

<u>UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 7</u>
(Unanimous Verdict)

You must reach a unanimous verdict as to each question on the verdict form. Everyone must agree to any "Yes" or "No" answer or any amount you enter on a special verdict form.

\*\*\*\*\*\*\*\*\*

<u>UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 8</u>
(Special Verdict Form)

A Special Verdict Form has been prepared for your use. You may answer by simply putting an "X" or check mark in the space provided next to the words "Yes" or "No". The foreperson must then sign and date the Special Verdict Form.

<u>United States v. Chad Wickline and Dan Wickline</u>
**SPECIAL VERDICT FORM #1**

COUNT 17 - FORFEITURE COUNT:

We the jury, unanimously find by a preponderance of the evidence that the amount of $ 2,200,000.00 was involved in the money laundering conspiracy charged in Count Nine or is traceable to property involved in the money laundering conspiracy charged in Count Nine.

    **YES** _____

    **NO** _____

Only if you have answered "NO" above but have unanimously found by a preponderance of the evidence that a different money amount should be forfeited, fill in the statement below with the amount you find.

We the jury unanimously find by a preponderance of the evidence that $_____ was involved in the money laundering conspiracy charged in Count Nine or is traceable to property involved in the money laundering conspiracy charged in Count Nine.

    _____
    **FOREPERSON**


    _____
    **DATE**

<u>United States v. Chad Wickline and Dan Wickline</u>
**SPECIAL VERDICT FORM #2**

COUNT 17 - FORFEITURE COUNT:

We the jury, unanimously find by a preponderance of the evidence that the amount of $ 2,200,000.00 constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the mail fraud/wire fraud conspiracy charged in Count Two.

**YES** _____

**NO** _____

Only if you have answered "NO" above but have unanimously found by a preponderance of the evidence that a different money amount should be forfeited, fill in the statement below with the amount you find.

We the jury unanimously find by a preponderance of the evidence that $_____ constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the mail fraud/wire fraud conspiracy charged in Count Two.

_____
**FOREPERSON**

_____
**DATE**

**CERTIFICATE OF SERVICE**

A copy of the foregoing Government's Proposed Forfeiture Jury Instructions will be served upon Brian Mahany, attorney for Chad Wickline, and Ross Babbitt, attorney for Dan Wickline via the Court ECF filing system.

/s/ Marcia J. Harris
Assistant U.S. Attorney