**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | Case No. 2:07-CR-121 |
| v. | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **CHAD WICKLINE, *et. al.*,** | : | Magistrate Judge Norah M. King |
| | : | |
| **Defendants.** | : | |

**ORDER**

**I. INTRODUCTION**

This matter is before the Court on the government's Motion in Limine to preclude Defendants Dan and Chad Wickline from introducing evidence that a loophole in the banking laws enabled debtors to seek an arbitration award to invalidate their credit card debt. For the reasons set forth below, the Court **GRANTS** the government's motion.

**II. BACKGROUND**

The United States indicted Defendants on charges of wire fraud, mail fraud, and money laundering for allegedly orchestrating a conspiracy to defraud individuals struggling with credit card debt. The government contends that Defendants marketed a Credit Card Debt Elimination Program ("CCDEP") through Liberty Resources, their corporation, which falsely represented to debtors that they did not have to repay credit card debt because of a loophole in the banking laws. Defendants misrepresented to debtors that because national banks were not permitted to lend credit, debtors could seek an arbitration award to invalidate their credit card debt. The government alleges that Defendants fraudulently induced debtors to pay thousands of dollars for a packet of materials detailing this bogus scheme. The government now moves to preclude Defendants from introducing evidence that such a loophole in the banking laws did in fact exist.

### III. STANDARD OF REVIEW

Motions in limine allow the Court to rule on the admissibility of evidence in advance of trial in order to expedite proceedings and give the parties advance notice of the evidence upon which they may not rely to prove their case. *See Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d. 436, 440 (7th Cir. 1997). To prevail on a motion in limine, the moving party must show that the evidence is clearly inadmissible. *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Oh. 2004). Courts are typically "reluctant to grant broad exclusions of evidence in limine because a court is almost always better situation during the actual trial to assess the value and utility of evidence." *Black v. Columbus Pub. Sch.*, No. 2:96-CV-326, 2007 WL 2713873, at *2, (S.D. Oh. Sept. 17, 2007); accord *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F. 2d. 708, 712 (6th Cir. 1975). However, if the Court denies a motion in limine, the Court can reconsider the admissibility of the evidence as the proceedings give context to the pretrial objections. *See Black*, 2007 WL 2713873, at *2.

### IV. LAW AND ANALYSIS

Defendants told consumers that a loophole in the banking laws barred national banks from lending credit. Defendants marketed a Credit Card Debt Elimination Program ("CCDEP") instructing debtors on how to take advantage of this loophole by securing an arbitration award invalidating their credit card debt. Such a loophole did not exist. The government moves to preclude Defendants from introducing evidence that it did.

It is undisputed that banks chartered under federal law and supervised by the Comptroller of the Currency may lend credit. The governing statute, 12 U.S.C.A. § 24(7), permits banks to exercise "all such incidental powers as shall be necessary to carry on the business of banking; by

discounting and negotiating promissory notes, drafts, bills of exchange, and other evidences of debt . . . [and] by loaning money on personal security . . . ."  Indeed, the Supreme Court has described national commercial banking as "a congeries of services and credit devices," of which credit cards are a "principal . . . product."  *United States v. Philadelphia Nat'l Bank*, 374 U.S. 321, 327 n.5 (1963).  Further, a 2005 Comptroller of the Currency publication, *Activities Permissible for a National Bank*, specifically states that national banks are permitted to issue credit cards.  Given that the law is clear, the government argues that Defendants should not be permitted to introduce evidence to the contrary.

Defendants counter that their defense hinges on convincing the jury that at the time they marketed the CCDEP *they believed* that national banks had no legal authority to issue credit cards.  Because fraud and money laundering are specific intent crimes, good faith is a complete defense.  *United States v. Wall*, 130 F.3d 739, 746 (6th Cir. 1997) (holding that mail and wire fraud are a specific intent crimes); *United States v. Isaiah*, 434 F.3d 513, 518 (6th Cir. 2006) (noting that money laundering is a specific intent crime).  Accordingly, Defendants contend that they should not be precluded from introducing evidence of a good faith belief that such a loophole did in fact exist and that their clients could take advantage of it to invalidate their credit card debt.

The government and Defendants' respective positions are not mutually exclusive.  Defendants are no doubt entitled to present evidence of their good faith belief as to a loophole in the banking law at the time of their alleged criminal activity.  However, the jury has neither the authority nor the expertise to draw conclusions of law.  Thus, Defendants must refrain from introducing evidence that such a loophole did in fact exist.

## V.  CONCLUSION

For the reasons above, the Court **GRANTS** the government's motion.

**IT IS SO ORDERED.**

                                                      s/Algenon L. Marbley
                                                     **ALGENON L. MARBLEY**
                                                     **UNITED STATES DISTRICT JUDGE**

**DATED: June 16, 2008**